**In re William S. BANDY, Debtor.**

**GECC FINANCIAL CORPORATION, First Federal Savings and Loan Association of Hawaii, and Finance Factors, Limited, Plaintiffs,**

v.

**William S. BANDY, Defendant.**

**Bankruptcy No. 82–00286.**
**Adv. No. 82–0110.**

United States Bankruptcy Court,
D. Hawaii.

Sept. 28, 1982.

Allen I. Marutani, Honolulu, Hawaii, for plaintiff GECC Financial Corp.

Neal Okabayashi, Honolulu, Hawaii, for plaintiff First Federal.

Jeffrey Daniel Lau, Honolulu, Hawaii, for plaintiff Finance Factors.

Jerry A. Ruthruff, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

The trial of the above case having come on for hearing on August 3, 5, 30, and September 3, 1982, before the Honorable Jon J. Chinen, Presiding Judge of the above-entitled Court, the Court having heard evidence and arguments of respective counsels, and based on the records of this case, the Court makes the following findings of fact, and conclusions of law.

## FINDINGS OF FACT

1. The above-named Debtor-Defendant, is a resident of the City and County of Honolulu, State of Hawaii, and filed a Petition for relief under 11 U.S.C. Chapter 11 on May 18, 1982.

2. That above-named Debtor-Defendant and Betty Jean Bandy are the owners of all of the real property described in Exhibit "A" attached hereto and made a part hereof.

3. That GECC FINANCIAL CORPORATION and FINANCE FACTORS, LIMITED are Hawaii corporations, whose principal place of business is in the City and County of Honolulu, State of Hawaii, and that FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAWAII is a federal corporation, whose principal place of business is in the City and County of Honolulu, State of Hawaii.

4. That under the Promissory Note attached to the Complaint Seeking Relief From Stay, filed herein on June 4, 1982, (hereinafter "Complaint") as Exhibit "A", there is due and owing to GECC FINANCIAL CORPORATION, hereinafter referred to as "GECC", from Debtor-Defendant and Betty Jean Bandy, jointly and severally, the sum of $36,187.87 as of August 3, 1982, together with interest at the rate of $11.06 per day from August 4, 1982 until paid, together with additional attorney's fees and costs, the repayment of which is secured by the mortgage attached to the said Complaint as Exhibit "B".

5. That under the Promissory Note attached to the said Complaint as Exhibit "C", there is due and owing to FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAWAII, hereinafter referred to as "FIRST", from Debtor-Defendant and Betty Jean Bandy, jointly and severally, the sum of $57,316.77 as of August 3, 1982, together with interest at the rate of $11.06 per day from August 4, 1982 until paid, together with additional attorney's fees and costs, the repayment of which is secured by the mortgage attached to the said Complaint as Exhibit "D".

6. That under the Promissory Note attached to the said Complaint as Exhibit "E", there is due and owing to FINANCE FACTORS, LIMITED, hereinafter referred to as "FINANCE", from Debtor-Defendant and Betty Jean Bandy, jointly and severally, the sum of $30,069.80, as of August 3, 1982 together with interest at the rate of $13.44 per day from August 4, 1982 until paid, together with additional attorney's fees and costs, the repayment of which is secured by the mortgage attached to the said Complaint as Exhibit "F".

7. That the aforementioned Exhibits "A", "B", "C", "D", "E", and "F" attached to the said Complaint are true and correct copies of the particular document which it purports to represent and have been received into evidence.

8. That under a Judgment filed January 18, 1982 in the Circuit Court of the First Circuit, State of Hawaii, in *Helene Esther Wallace vs. William S. Bandy and Betty Jean Bandy*, Civil No. 63003, there is due and owing to Helene Esther Wallace from Debtor-Defendant and Betty Jean Bandy the sum of $14,285.71 as of August 3, 1982 plus per diem interest of $3.71 from August 4, 1982, the repayment of which is secured by a lien on the real property described in the aforementioned mortgages by reason of recordation of the Judgment at the Bureau of Conveyances of the State of Hawaii.

9. That the Debtor-Defendant and Betty Jean Bandy, have failed to keep their respective payments to GECC, FIRST, and FINANCE current, the combined monthly payments to GECC, FIRST, and FINANCE being $1,445.42, per month, and that the same have been delinquent since prior to the date of the filing of the Petition herein.

10. A state foreclosure action was commenced by FIRST, in the state court, in which GECC, FINANCE, and Debtor-Defendant were named as parties, in which FIRST, GECC, and FINANCE, sought judgments against Debtor-Defendant and Betty Jean Bandy, for their respective amounts due and owing them, a foreclosure of their respective mortgages, and a sale of the mortgaged property, which is described in Exhibit "A".

11. That pursuant to such foreclosure action, Donald S. Nishimura was appointed as a Commissioner, to take possession of, and to sell, the property covered by said mortgages and described in Exhibit "A".

12. That acting in his capacity as such Commissioner, the said Donald S. Nishimura has advanced the sum of $871.94 and has incurred a fee of $3,330.00 as of August 2, 1982.

13. That the Debtor-Defendant is self-employed as a contractor and designer, having earned between $5,000.00 to $6,000.00 in 1981, and in the year 1982, has earned approximately $1,000.00, and the reason for the low earnings in 1982 has been that the Debtor-Defendant has spent most of his time in repairing and remodeling the improvements situate on the premises described in Exhibit "A".

14. That the fair market value of the subject property, in its present condition, is $127,000.00, but if the improvements thereon are fully completed and remodeled, the fair market value thereof will be $140,000.00.

## CONCLUSIONS OF LAW

1. That the Court has jurisdiction over this adversary proceeding under 11 U.S.C. § 362 and other enabling provisions of the Bankruptcy Reform Act.

2. That the three Plaintiffs above-named, have valid and subsisting liens upon the real property described in Exhibit "A", and as such are secured creditors of the Debtor-Defendant.

3. That even though the fair market value of the subject premises, even if the improvements thereon are fully completed and remodeled, may exceed the total secured indebtedness of the three Plaintiffs, there is insufficient equity cushion, in the subject premises, to give adequate protection to the Plaintiffs, since the equity cushion is being eroded daily by the accrual of the interest amounts to the Plaintiffs and other carrying charges.

4. That the Debtor-Defendant has failed to show that the Plaintiffs above-named are adequately protected within the meaning of 11 U.S.C. § 362(d)(1).

5. That the Plaintiffs above-named are entitled to relief from the automatic stay under 11 U.S.C. § 362(a).

## ORDER TERMINATING AUTOMATIC STAY

Pursuant to the foregoing Findings of Fact, and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the automatic stay under 11 U.S.C. § 362(a) be and the same is hereby terminated and annulled, with respect to the claims and liens of the Plaintiffs above-named, and that the Plaintiffs may proceed to enforce their respective claims and liens over the subject premises described in Exhibit "A", in the state court.

## EXHIBIT A

That certain Lease No. 16,408 dated July 1, 1965 by and between the Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, Deceased, as Lessor, and Helene Esther Wallace, unmarried, as Lessee, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 8296, at Page 298, for a term of 58 years commencing July 1, 1965; said Lease being assigned by instrument dated February 24, 1972, from Helene Esther Wallace, unmarried, as Assignor, to William S. Bandy and Betty Jean Bandy, husband and wife, as Assignee, as Tenants by the Entirety, recorded as aforesaid in Liber 8665, at Page 135; consent thereto being given by the Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, Deceased: said Lease demising the following described land:

All of that certain piece or parcel of land (part of AP. 30 of L.C. Aw. 7713, R.P. 4475 to V. Kamamalu) situate in Maunalua, City and County of Honolulu, State of Hawaii, containing an area of 10,995 square feet and comprising Lot 5-A, of Block 2, Section "A", Maunalua Beach Subdivision, as shown on Bishop Estate Map 1227C & D filed in the Office of the Lessors, and thus bounded and described as follows:

Beginning at a pipe at the Northwest corner of this Lot, the Northeast corner of Lot 6-A, Block 2, and on the Southeast boundary of Lot 4, Block 2, the coordinates of said point of beginning referred to Government Survey Triangulation Station "Koko Head '3' " being 5,517.43 feet North and 1,307.14 feet West, and running thence by azimuths measured clockwise from true South:

1. 259° 00'30.10 feet along Lot 4, Block 2, to a pipe;
2. 221° 45'32.46 feet along same, to a pipe;
3. 311° 45'147.79 feet along the Southwest side of Kalanianaole Highway to a pipe;
4. 79° 00'145.38 feet along Lot 14, File Plan 701 and Lot 7, Block 2, to an " " cut on tile wall;
5. 169° 00'97.98 feet along Lot 6-A, Block 2, to the point of beginning.

Together with the right, in the nature of an easement, to install, maintain, operate, repair and remove an underground sewer pipeline with appurtenances, across, through and under a portion of Lot 6-A, Block 2, and being more particularly described as follows:

Beginning at the East end of this easement and on the common boundary of Lots 5-A and 6-A, the direct azimuth and distance to the Northwest corner of Lot 5-A being 169° 00' 12.50 feet, and running thence by azimuths measured clockwise from true South:

1. 79° 00'66.81 feet;
2. 34° 00'14.85 feet;
3. 79° 00'55.50 feet to the Northeast side of Portlock Road.

SUBJECT, HOWEVER, to the following:

1. The reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. A 15-foot building setback line along Kalanianaole Highway on the Southerly (front) boundary of Lot 5-A as shown on the map attached to Lease No. 16,408.

3. Terms, agreements, reservations, covenants, conditions and provisions contained in Lease No. 16,408.